UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10758
Summary Calendar
_____

In The Matter Of: PHONES FOR ALL, INC.;
PREFERRED CARRIER SERVICES, INC.;
PREFERRED CARRIER SERVICES VIRGINIA, INC.,

Debtors.

_____

ISSAC LASKY,

Appellant,

versus

PHONES FOR ALL, INC.; PREFERRED CARRIER SERVICES, INC.;
PREFERRED CARRIER SERVICES VIRGINIA, INC.,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

April 30, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The issue in this case is whether Issac Lasky is entitled
to an administrative priority claim for severance pay from the
debtor when he executed an employment contract containing the
severance pay clause about five months before the debtor filed for
Chapter 11 bankruptcy relief, but was terminated three weeks after

the filing.  This court has not squarely faced this type of issue before.  For the following reasons, we affirm the judgments denying administrative priority to the severance claim.

Lasky argues that his contractual right survived the bankruptcy filing to become an administrative claim.  He relies on cases from the Second Circuit, which differ in result and reasoning from most other circuits.  See In re: Amarex, 853 F.2d 1526, 1531 n.5 (10th Cir. 1988), discussing circuit split.

The bankruptcy court held, however, that Lasky cannot prevail for three reasons.  First, while the general wage priority section of the Bankruptcy Code clearly specifies and limits priority treatment for severance payments, see 11 U.S.C. § 507(a)(3)(A), the provision according first-priority status to administrative claims does not.  See 11 U.S.C. § 507(a)(1) (incorporating 503(b)(1)(A)). Congress's omission of severance pay from administrative priority status must therefore have been deliberate.  Second, Lasky "earned" his severance pay when he entered into the contract, rather than as compensation for past services rendered.  As a result, even the Second Circuit cases would not accord his claim priority status.  Third, Lasky's claim did not represent services that conferred a benefit on the estate as required to garner administrative priority status.  See NL

2

<u>Indus., Inc. v. GHR Energy Corp</u>., 940 F.2d 957, 966 (5th Cir. 1991).[1]  The district court affirmed.

We essentially agree with the bankruptcy court's reasoning.  See <u>In re: Phones for All, Inc.</u>, 249 B.R. 426 (Bktcy. N.D. Tex. 2000).  We understand that court's statutory interpretation to mean that a prepetition severance agreement is not entitled to post-petition administrative priority status.  As the Tenth Circuit explained, to attain such status, a severance claim "must have arisen from a transaction with the debtor in possession" and must then confer a benefit on the debtor's estate. <u>In re: Commercial Financial Services, Inc.</u>, 246 F.3d 1291, 1294 (10th Cir. 2001).  This reading of the statutory provisions makes clear the claimants' burden to reconfirm or renegotiate post-petition any severance packages they may have if they continue to work for the debtor.

Because, as the bankruptcy court demonstrated, no plain reading of the Bankruptcy Code supports treating Lasky's prepetition severance provision as an administrative expense, the judgments of the bankruptcy and district courts are **AFFIRMED**.

---

[1]  The bankruptcy court alternatively held that if Lasky's claim were entitled to priority under §§ 503(b) and 507(a)(1), the court would prorate the amount of severance over the 3-week period Lasky worked for the debtor post-petition.